UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
Raymond Kettenring
      Plaintiff,
Vs                                        Case No. 18-
Sterling Bancorp and Sterling National Bank,
       Defendant,
---------------------------------------------------------x

## Complaint Seeking Damages
### Introduction

1.      This is an action for statuary, actual and punitive damages filed by the Plaintiff

(hereinafter Plaintiff) pursuant to Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the

United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X and repeated

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., (hereinafter

FDCPA), and negligence and the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*.,

(hereinafter FCRA).

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S. Code § 1331

which has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

of the United States.   This Court also has supplemental jurisdiction over the state law claims

pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant

transacts substantial business in this district. Defendants have advertised in this district and have

received substantial revenue and profits from it banking business in this district; therefore, a

substantial part of the events and/or omissions giving rise to the claims occurred, in part, within

this district.

1

5.      This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement

Procedures Act pursuant to Section 2614 of Title 12 of the United States Code, Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq*., (hereinafter FDCPA), and negligence and the

Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*., (hereinafter FCRA).

### Parties

6.      The Plaintiff in this case is the natural person residing at 10 Main St,  Unionvile, NY

10988.

7.      The Defendant, Sterling Bancorp and Sterling National Bank, is doing business in this

District and located at 400 Rella Blvd., Montebello, New York 10901

### Factual Allegations

8.      The Plaintiff has a first mortgage and loan account serviced by Sterling Bancorp and

Sterling National Bank., Account #  XXXX674.

9.      Plaintiff has a mortgage with Defendant in the amount of  $242,900.00 taken out on

November 30, 2006.  For several years, Plaintiff made his mortgage payments.  Recently

however, the Defendant refused to accept his payments and would not give him any information

regarding the account.

10.      The Plaintiff took this matter up with his attorney as he believed he is current with his

payments.  The Plaintiff attorney tendered a "Qualified Written Request" via US

Postal Service Certified Mail to Sterling Bancorp and Sterling National Bank located at 400

Rella Blvd., Montebello, New York 10901 pursuant to the Real Estate Settlement Procedures Act

on or about 7/9/2018 by certified mail tracking number 70180680000056941676.

11. Plaintiff sent a Notice of Error and demanded an accounting to Sterling Bancorp and Sterling

National Bank in addition to a Qualified Written Request pursuant to the Real Estate Settlement

Procedures Act to Section 2614 of Title 12 of the United States Code and the Fair Debt

Collection Practices Act.

15.     Plaintiff believes he is being charged unauthorized fees, that payments are being

misapplied and that the account is not being properly credited for payments of interest, principal

and escrow charges.

16.     The Plaintiff paid his monthly payments accordingly.  Plaintiff is receiving statements

stating he has an unpaid balance when he is current with his mortgage payments.

17.     Defendant did not acknowledge the receipt of the "Qualified Written Request" by July 21,

2018  five days after its delivery as required by the law.  Defendant did not respond to the

"Qualified Written Request" or Notice of Error by August 15, 2018 thirty days after it receipt as

required by the law.

18.     As of the filing of this pleading Defendants failed to respond to the QWR or Notice of

Error with the plaintiff's attorney, or with the plaintiff regarding the subject account.

19.      The Plaintiff has suffered actual damages including, but not limited to, having paid

excess charges, excess interest, unauthorized fees and other charges, including principal and

interest, and credit not having been properly applied for Plaintiff's account as a result of

Defendant having Plaintiff's payments in suspense account and attorney fees.

### Claim 1: Violation of RESPA

20.     The allegations in paragraphs 1 through 19 of this complaint are realleged and

incorporated herein by this reference.

21.     The Defendant is the assignee, of a "federally related mortgage loan" as that term is

3

defined in Section 2602(1) of Title 12 of the United States Code.

22.     The "qualified written requests" was not acknowledged within the new required 5 days or even the old 20 days of receipt as required by Section 2605(e)(1)(A) of Title 12 of the United States Code and Section 3500.21(e)(1) of Req. X.

23.     The Defendant did not, within 30 days of receipt of the "qualified written requests," provide the information requested and inform the Plaintiff of its actions as required by Section 2605(e)(1)(B)(2) Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X.

24.     The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code and failed to credit Plaintiff for payments made on the loan.

25.     Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X, the Plaintiff may recover of the Defendant actual damages, costs and reasonable attorney fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

## Claim 2: Breach of Contract

26.     The allegations in paragraphs 1 through 25 of this complaint are realleged and incorporated herein by this reference.

27.     Defendant has breached the contract by misapplying payments. Defendant did not apply the payments pursuant to note agreed to between the parties.

28.     As a direct proximate thereof Plaintiff has suffered damages.

## Claim 3: Negligence

29.     The allegations in paragraphs 1 through 28 of this complaint are realleged and incorporated herein by this reference.

4

30.     Defendant breached its duty to Plaintiff and negligently did not respond to the "Qualified Written Request" and Notice of Error sent to them by Plaintiff.

31.     Defendant negligently misapplied payments and has done this breaching a duty of care to Plaintiff which caused Plaintiff to suffer damages.

## Claim 4: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

32.     The allegations of paragraphs 1-31 in this pleading are incorporated as if fully rewritten herein.

33.     Defendant violated the FDCPA in attempting to collect the alleged debt from Plaintiff.

34.     Defendant violated 15 U.S.C 1692e by representing misleading information in connection with the existence of a debt.

35.     Defendant violated 15 U.S.C. 1692e (8) by communicating false credit information, including failure to communicate that the debt was paid in full.

36.     Defendant violated 15 U.S.C. 1692f (1) by attempting to collect an amount not authorized or permitted by law.

37.     Defendant violated 15 U.S.C. 1692g(b) by failing to cease collection efforts after it received a dispute letter validation request from Plaintiff.

38.     As a direct and proximate result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## Claim 5: VIOLATION OF THE FAIR CREDIT REPORTING ACT

39. The allegations of paragraphs 1-38 in this pleading are incorporated as if fully rewritten herein.

5

40.     Defendants are "furnishers" of credit information pursuant to the Fair Credit Reporting

Act (FCRA) and have a duty under the FCRA to investigate disputes from consumers as to the

accuracy of information reported about them, to wit: After receiving notice pursuant to section

611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information

provided by a person to a consumer reporting agency, the person shall: (A) conduct an

investigation with respect to the disputed information; (B) review all relevant information

provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i]; (C) report the

results of the investigation to the consumer reporting agency; (D) if the investigation finds that the

information is incomplete or inaccurate, report those results to all other consumer reporting

agencies to which the person furnished the information and that compile and maintain files on

consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is

found to be inaccurate or incomplete or cannot be verified after any reinvestigation under

paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate,

based on the results of the reinvestigation promptly – (i) modify that item of information; (ii)

delete that item of information; or (iii) permanently block the reporting of that item of

information. See 15 U.S.C. § 1681s-2(b)(1).

41.     Defendants failed to conduct a reasonable investigation into the accuracy of information

related to the disputed trade line, in violation of Section 1681s-2(b)(1).

42.     Notwithstanding Defendants' actual knowledge that Plaintiff was not in fact dead,

Defendants' failure to conduct a reasonable investigation of the accuracy of its reporting of this

adverse information shows a reckless disregard for Plaintiff's rights under the FCRA.

43.     In addition to the violation as described above, Defendants failed to satisfy its duty under Section 1681s-2(b) of updating incomplete or inaccurate information it had previously reported to CRAs upon receipt of each notice from Credit Reporting Agencies that Plaintiff disputed the accuracy of the previously reported information.

44.     Defendants' failure to report that Plaintiff disputed the accuracy of the trade line was a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiff. Gorman v. Wolpoff & Abramson, LLP, et al., 584 F.3d 1147 (9th Cir. 2009); See also Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142 (4th Cir. 2008).

45.     As a direct and proximate result of Defendants' willful and/or negligent refusal to comply with the FCRA as outlined above, Plaintiff has suffered substantial loss and damage including, but not limited to: economic loss due to denial of mortgage refinancing, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of- pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

46.     Defendants' complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Defendants, pursuant to 15 U.S.C. § 1681n(a)(2).

       WHEREFORE, the Plaintiff having set forth the claims for relief against the Defendants respectfully pray of the Court as follows:

A.      That the Plaintiff has and recovers against the Defendants on each claim above and a sum to be determined by the Court in the form of actual damages;

B.      That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages;

C.      That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

D.      The Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E.      The underlying debt to Sterling Bancorp and Sterling National Bank,  be forever canceled and discharged and the Defendant be ordered to release all liens on the residence of the Plaintiff and mark "paid in full" on all loan documents with said documents to be delivered to the Plaintiff with all liens duly canceled and released as an additional sanction provided for under Section 362(h) of Title 11 of the United States Code; and

F.      This Court order the Defendant to pay to the Plaintiff their attorney's fees and costs and additional actual damages a sum to be determined by the Court for each failure to comply with any part of Section 2605 of Title 12 of the United States Code pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X; and

G.      Plaintiff has such other and further relief as the Court may deem just and proper.

H.      Plaintiff value of the mortgage should be modified against Defendant.

Dated: September 13, 2018                              /s/ Joshua N. Bleichman
                                                       Joshua N. Bleichman, Esq.
                                                       Attorney for Plaintiff
                                                       117 South Main Street
                                                       Spring Valley, NY 10977
                                                       845-425-2510